**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROGER TEJON, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

AMERICAN EXPRESS COMPANY.,

*Defendant*.
______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Roger Tejon ("Plaintiff"), brings this action against Defendant, American Express Company ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is a financial services company that provides credit cards, charge cards, and payment services to consumers, based out of New York.

4. To promote its goods and services, Defendant engages in aggressive telephonic sales call campaigns to consumers with no regards for consumers' rights under the TCPA, even after customers opt out from Defendant's communications.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life

of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Southern District of Florida and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Southern District of Florida.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Miami-Dade County, Florida but was physically present in Broward County when he received some of the subject calls and text messages.

9. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 6586 (the "6586 Number") that received Defendant's telephone and text message solicitations.

10. Defendant is a New York corporation whose principal place of business is at 200 Vesey Street, New York, NY 10285.

11. Defendant directs, markets, and provides its business activities throughout United States and the State of Florida.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

13. Beginning at least in January 2024, Defendant sent or caused to be sent multiple telemarketing telephone solicitations to Plaintiff's cellular telephone number ending in 6586, from Defendant's telephone number (833) 637-0667 and from short code number (71299)**.**

14. On or about January 22, 2024, at 10:40 AM (as shown below) Defendant called Plaintiff´s cellular telephone from Defendant's telephone number (833) 637-0667 seeking to contact "Sally." When Plaintiff returned the call at 10:57 AM on that same day, Plaintiff explicitly told Defendant´s representative via phone to "Stop calling me", using clear an unambiguous opt-out language in an attempt to opt-out of any further telephone communications with Defendant. Defendant´s

representative responded that they did not have Plaintiff in their system and would do their best to notate this request.




15. Despite Plaintiff's explicit and unequivocal petition on January 22, 2024, Defendant completely ignored Plaintiff's opt-out request and deliberately continued to call plaintiff on January 26, 2024, at 10:28 AM. During this call, Plaintiff again told Defendant's representative to remove his number and specifically referenced his previous conversation and opt-out request from January 22, 2024, (as shown below):




16. Defendant´s systematic disregard for Plaintiff´s explicit telephone opt-out requests continued unabated when Defendant began sending unwanted telemarketing text messages to Plaintiff´s cellular telephone number starting in March 2025. Defendant sent multiple unwanted text messages from short code number (71299), including but not limited to messages sent on March 23, 2025; March 25, 2025; March 31, 2025; and April 6, 2025, demonstrating Defendant's complete failure to maintain any functional internal do-not-call procedures across all communication channels (as shown below):




17. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

18. As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant not to contact him anymore, but Defendant

continued to call and text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

19. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telephone solicitations or text messages from Defendant.

20. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

21. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

22. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

23. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

24. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative telephone solicitations and text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an explicit opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send telephone solicitations and text messages for over fifteen months after the initial opt-out request**.**

25. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

26. Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

27. Defendant's telephone solicitations and text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

28. Defendant's telephone solicitations and text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., financial services, credit cards, and payment services.

29. The information contained in the telephone solicitations and text messages advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

30. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

31. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

32. Defendant made the subject telephone calls and sent the subject text messages within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other telephone solicitations and text messages to be sent to individuals residing within this judicial district.

33. Defendant's telephone solicitations and text messages were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

34. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted after opting out.

35. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with telephone solicitations and text messages after opting out.

36. Plaintiff has no existing business relationship with Defendant

37. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least January 22, 2024, when Plaintiff told Defendant's representative via telephone to "stop calling me".

38. Plaintiff is the subscriber and sole user of the 6586 Number and is financially responsible for phone service to the 6586 Number.

39. Plaintiff's 6586 Number is his residential number which he uses for personal purposes.

40. Plaintiff registered his 6586 Number with the national do-not-call registry on May 4, 2008, and has been registered at all times relevant to this action.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. The telephone solicitations originated from at least telephone number (833) 637-0667, and the text messages originated from Defendant's short code number (71299) which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

43. Upon information and belief, Defendant has access to outbound transmission reports for all telephone solicitations and text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each telephone solicitations and text messages sent to Plaintiff and the Class members. Defendant also has access to call logs and text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

44. Defendant's unwanted telephone solicitations and telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion

on seclusion, trespass, and conversion. Defendant's telephone solicitations and text messages also inconvenienced Plaintiff and caused disruption to his daily life.

45. Defendant's unwanted telephone solicitations and telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted calls and messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

46. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted telephone solicitations and text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations. Additionally, the deliberate nature of Defendant's violations, continuing to send calls and messages after his express opt-out request, caused Plaintiff significant additional time loss and frustration over a period of over fifteen months.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

47. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

48. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were contacted via telephone solicitation by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products**

**and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

**<u>National Internal Do Not Call Class</u>: From four years before the filing of the Complaint, all persons in the United States who (1) were contacted via telephone solicitation by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls**

49. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

50. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future telephone solicitations or text messages, subsequently affirmatively opted-in to receive telephone solicitations or text messages from Defendant.

**<u>NUMEROSITY</u>**

51. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

52. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's telephone call and text message records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

53. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

[1] Whether Defendant initiated telephone solicitations to Plaintiff and the Class members;

[2] Whether Defendant violated 47 C.F.R. § 64.1200(c)

[3] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[4] Whether Defendant adhered to requests by class members to stop sending telephone solicitations and text messages to their telephone numbers;

[5] Whether Defendant keeps records of text recipients who revoked consent to receive calls and texts;

[6] Whether Defendant has any written policies for maintaining an internal do not call list

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

54. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, while they were registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

55. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

56. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

57. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

58. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

59. Plaintiff repeats and realleges the paragraphs 1 through 58 of this Complaint and incorporates them by reference herein.

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has

registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

62. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

63. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

66. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c)(2)**
**(Individually and on behalf of the National Internal Do Not Call Class)**

67. Plaintiff re-alleges and incorporates paragraphs 1 through 58 as if fully set forth herein.

68. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

69. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time

> from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

70. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

71. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telephone solicitations and telemarketing messages from Defendant.

72. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

73. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telephone solicitations and telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

74. Because Plaintiff and the Internal Do Not Call Class members received more than one telephone solicitation and/or text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

75. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

76. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

78. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**(On Behalf of Plaintiff and the Classes)**

79. Plaintiff re-alleges and incorporates paragraphs 1-58 as if fully set forth herein.

80. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

81. Defendant knew that it did not have prior express consent make telephone solicitations and transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

82. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry since May 4, 2008, and that making telephone solicitations and/or sending text messages to such numbers violated federal regulations.

83. Defendant knew or should have known that continuing to make telephone solicitations and send telemarketing text messages after receiving Plaintiff's explicit demand to "stop calling me" violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

84. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telephone solicitations and telemarketing text messages and that their numbers were on the National Do Not Call Registry, and that Plaintiff's explicit opt-out demand was being ignored for over fifteen months, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Classes pursuant to § 227(c)(5) of the TCPA.

85. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Classes Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls and text message solicitations made without express written consent, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the telephone solicitations and text messages as alleged herein.

Dated: September 4, 2025

Respectfully Submitted,

**Shamis & Gentile, P.A.**
*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Christopher E. Berman, Esq.
Florida Bar #1010654
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes.*